```
1  JOHN P. STENNETT, SBN: 72815
   STENNETT & STENNETT
2  501 W. Broadway, Suite 1340
   San Diego, CA 92101
3  Telephone: (619) 544-6888
   Fax: (619) 233-3796
4
   Attorneys for Plaintiff
5
```

FILED
2008 AUG 20 PM 2:46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 1540 JAH LSP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH BENCIVENGA,<br><br>    Plaintiff,<br><br>    v.<br><br>GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF CYMER, INC.;<br><br>    Defendants. | NO. _____<br><br>**COMPLAINT**<br>**FOR RELIEF UNDER ERISA**<br>**(29 U.S.C. § 1001 et seq.)** |

COMES NOW the plaintiff who alleges against defendants as follows:

### NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2).

4. At all times herein mentioned plaintiff DEBORAH BENCIVENGA was a resident of San Diego and was an employee of CYMER, INC. until she was unable to return to work on or about May 9, 2005. Plaintiff's position with CYMER, INC. was as a payroll supervisor.

1       5.      CYMER, INC. is a Nevada Corporation duly authorized to transact business in the State of California.

2       6.      Defendant GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF CYMER, INC. (hereinafter referred to as the "PLAN") is the designated name of the subject Long Term Disability Plan and is an employee welfare benefit plan as defined by 29 U.S.C. § 1002(1).

3       7.      HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter referred to as "HARTFORD") is a Corporation duly authorized to transact business as an insurer in the State of California.

4       8.      During the course of her employment with CYMER, INC., plaintiff was given the opportunity to participate in the PLAN as sponsored by CYMER, INC. which provided long term disability benefits. The disability benefits were provided for through an insurance policy issued by HARTFORD and obtained by CYMER, INC. for the benefit of its participating employees. Plaintiff elected to participate in the plan and was covered under the policy when she became disabled on or about May 9, 2005 and entitled to benefits on August 15, 2005 after a 90-day waiting period. Plaintiff has remained continuously disabled to the present date due to neck and back pain diagnosed as multilevel cervical disc disease at C4-5, C6-7 and L3-4, L4-5 spinal stenosis.

5       9.      The terms of the plan provided for monthly disability payments equal to 66-2/3% of plaintiff's monthly pay to age 65 should plaintiff become and remain disabled. Plaintiff received a Group Long Term Insurance Police Number GLT-044402 issued to CYMER, INC. setting forth the terms and conditions of the insured benefits. The policy is known to and in the possession of defendants.

6       10.     On information and belief, plaintiff alleges that defendant HARTFORD performed all claims administration functions and made all decisions regarding plaintiff's eligibility for benefits under the PLAN. Defendant HARTFORD was the claims administrator of the PLAN and stood in a fiduciary relationship with the PLAN and plaintiff.

7       11.     On information and belief plaintiff alleges that defendant CYMER, INC. was the

1  designated administrator of the PLAN and stood in a fiduciary relationship with the PLAN and
2  plaintiff.
3      12.   At all times herein mentioned, the conduct of defendants, and each of them was
4  carried out through the acts and/or omissions of their agents, administrators, representatives,
5  and/or employees, and the conduct of said agents and/or employees was authorized and ratified by
6  defendants and/or the officers, directors and/or managing agents, and each of them.
7      13.   On or about May 9, 2005 and while said policy of insurance was in full force and
8  effect, i.e., within the policy time periods, plaintiff sustained a loss covered under said policy of
9  insurance, in that she became totally disabled as defined in the terms and conditions of the policy
10  of insurance referred to herein.
11      14.   At all times relevant, plaintiff made a timely claim for benefits, performed all of the
12  terms and conditions required of her under the PLAN and met all of the conditions requested for
13  her to receive PLAN benefits, beginning on August 15, 2005.
14      15.   On or about August 15, 2005, plaintiff began receiving disability benefits. Plaintiff
15  continued to receive disability benefits until she was notified by a letter from HARTFORD dated
16  September 24, 2007 that her disability benefits ceased as of August 15, 2007. The PLAN is
17  required in any notice of an adverse benefit determination to communicate to the beneficiary "a
18  description of any additional material or information necessary for a claimant to perfect the claim
19  and an explanation of why such materials or information is necessary." (29 C.F.R. 2560.503-
20  1(g)(iii)). HARTFORD, in its termination letter of September 24, 2007, failed to do so.
21  HARTFORD merely advised plaintiff, "You may appeal our decision even if you do not have new
22  information to send us. .... Along with your appeal letter, you may submit written comments,
23  documents, records and other information related to your claim." Plaintiff, in response to
24  HARTFORD'S termination letter wrote to HARTFORD on November 14, 2007, indicating that
25  she did not understand why it had terminated her benefits. She indicated that her neck, lower
26  back and legs' pain levels had increased significantly since 2005 when HARTFORD originally
27  acknowledged her disability and stated, "I am very confused, why has your decision changed from
28  then until now?" She indicated she would like to appeal the decision, but submitted no

documentation with her letter. Plaintiff never received a response to her question presented in her November 14, 2007 letter. She merely received a denial of appeal from HARTFORD dated February 20, 2008. Therein, HARTFORD cited two forms of new information that it reviewed since the prior termination letter. Those were plaintiff's letter of November 14, 2007 and a new medical record review dated February 4, 2008 from Dr. Robert Pick. Dr. Pick's opinions were in part based on a telephone conversation he had with Dr. Huntley, a treating physician of plaintiff. However, Dr. Pick's report of his conversation with Dr. Huntley indicating that Dr. Huntley believed plaintiff could return to sedentary work was a misstatement of Dr. Huntley's opinions. Plaintiff, through counsel attempted to correct the error by providing HARTFORD with a report from Dr. Huntley clarifying the conversation he had with Dr. Pick and providing clarification of plaintiff's condition, along with updated medical reports and testing; however, HARTFORD refused to consider the information provided.

16. Plaintiff has exhausted all administrative remedies provided for under the PLAN to collect the benefits due her under the PLAN.

17. Plaintiff is entitled under the PLAN to the disability benefits from August 15, 2007, at the rate of $3,449.33 per month to date, and in the future, as long as she remains disabled and until she reaches the age of 65. Plaintiff is furthermore entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

18. Plaintiff was also entitled to life insurance with $332,000.00 in benefits while she was disabled with a waiver of premium until March 30, 2024. Those benefits were terminated when her disability benefits were terminated. Plaintiff is seeking reinstatement of those life insurance benefits.

WHEREFORE, plaintiff prays judgment as follows:

(1) For unpaid PLAN benefits and a declaration that plaintiff is entitled to ongoing disability benefits;

(2) For reinstatement of the life insurance policy through the PLAN;

(3) For attorneys' fees according to proof;

(4) For costs of suit incurred herein; and,

4

(5)     For such other and further relief as the Court may deem proper, including interest (prejudgment and otherwise) on sums due.

STENNETT & STENNETT
Attorneys for Plaintiff

By _____
JOHN P. STENNETT

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEBORAH BENCIVENGA

**DEFENDANTS**
GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF CYMER, INC.

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John P. Stennett, Stennett & Stennett    (619) 544-6887
501 W. Broadway #1340, San Diego, CA 92101

Attorneys (If Known)
08 CV 1540 JAH LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C 1001 et seq.
Brief description of cause:
Claim for disability benefits under an ERISA employee benefit plan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 08/19/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 154299  AMOUNT $350  APPLYING IFP    JUDGE    MAG. JUDGE
JAC  8/20/08

```
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 154299      - TC
* * C O P Y * *
August 20, 2008
   14:47:03

Civ Fil Non-Pris
USAO #.: 08CV1540
Judge..: JOHN A HOUSTON
Amount.:                  $350.00 CK
Check#.: BC4695


Total->   $350.00


FROM: DEBORAH BENCIVENGA
      VS
      GROUP LONG TERM DISABILITY
```